**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

LET'S GO AERO, INC., a Colorado corporation

    Plaintiff

v.

U-HAUL INTERNATIONAL, INC., a Nevada corporation,

and

WYERS PRODUCTS GROUP, INC., a Colorado corporation d/b/a TRIMAX

    Defendants

**COMPLAINT AND JURY DEMAND**

Plaintiff Let's Go Aero, Inc., a Colorado corporation ("LGA"), as and for its Complaint against U-Haul International, Inc., a Nevada corporation ("U-Haul") and Wyers Products Group, Inc., d/b/a Trimax, a Colorado corporation ("Wyers"), alleges and states as follows:

**SUMMARY OF CASE**

1. This is an action for damages and injunctive relief to remedy the intellectual property infringements of LGA's patents, copyrighted materials, and trademarks and unfair trade practices by the Defendants as described below through: (a) the unauthorized manufacture, use, sale, and/or offer to sell products by Defendants U-Haul and Wyers which infringe on one or more claims of U.S. Patents held by LGA which relate to its "Silent Hitch Pin®" or "SHP", the LGA GearCage® and the LGA Bike Rack; and (b) Defendant U-Haul's unlawful use and

infringements of LGA's rights under its trademarks and copyrighted materials and U-Haul's unfair trade practices.

2. The patent infringements by Defendant Wyers involve its manufacture, use, sale and/or offer for sale of infringing products which include towing products marketed and sold under the names of "TAR 300" and "Anti-Rattle Pin Receiver Pin" ("Wyers Accused Products"). The Wyers Accused Products were sold to and by U-Haul.

3. Non-Party Cequent Performance Products, Inc. is a manufacturer, importer and supplier of products including Highland Gear Cage®, Transporter Cargo Carrier, PN 5800300, Pro Series Gear Cage, PN 5800300, Sportwing Bike Rack, and upon information and belief Silent Hitch Pin® or Anti Rattle Hitch Pin, all of which infringed on Plaintiff's United States Patents after the termination of Cequent's license to manufacture and sell such products in January of 2012 and the selloff of approved remaining inventory, ("Cequent Infringing Products") that were then sold through U-Haul.

## PARTIES AND RELEVANT NON-PARTIES

4. Plaintiff LGA is a Colorado corporation with its principal place of business in Colorado Springs, Colorado.

5. Defendant U-Haul is a Nevada corporation with its principal place of business at 2727 N. Central Ave., Phoenix, Arizona 85004.

6. Defendant Wyers Products ("Wyers") is a Colorado corporation with its principal place of business at 6770 S. Dawson Circle, Suite 200, Centennial, Colorado 80112.

7. Non-party Cequent Performance Products, Inc. ("Cequent") is a Delaware corporation with its principal place of business in Plymouth, Michigan.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to render declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 as well as jurisdiction over the claims contained herein for patent infringement, copyright infringement, and trademark infringement pursuant to the laws of the United States, including but not limited to 35 U.S.C. §§ 101, *et seq.*, (specifically 35 U.S.C. §§ 271, 281 to 287, 292), 17 U.S.C. §§ 101, *et seq.*, and 15 U.S.C. § 1125(a) and (c). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Supplemental jurisdiction over LGA's state law claims exists pursuant to 28 U.S.C. § 1367 because they are so related to the other claims that together all of the claims form the same case or controversy.

9. This Court has personal jurisdiction over each of the Defendants because each regularly has and continues to transact business in this judicial district by, among other things, selling or offering to sell its infringing products and utilizing the LGA Trademark and Copyrighted Materials to enable such sales or offers to sell to customers located in this judicial district pursuant to C.R.S. § 13-1-124.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## FACTUAL BACKGROUND

### LGA Inventions and Patents, Trademarks and Copyrighted Works

11. LGA is the sole assignee and beneficial owner of various patents for inventions created by its founder and president, Marty L. Williams.

12. LGA is a manufacturer and distributor of a variety of towing products for use within the camping/recreational cargo transport industry. Its product line can be viewed at www.letsgoaero.com.

13.     LGA sells its products through national retail and specialty stores throughout the United States and elsewhere, under its registered and un-registered trademarks and has achieved a world-wide reputation based upon the quality, design and innovation of LGA's products.

### LGA's Silent Hitch Pin® Patents

14.     The applicable Utility Patents that relate to the Silent Hitch Pin® (also listed as "SHP") were assigned to LGA and include Nos. 6,609,725 ("'725 Patent") (Exhibit A), and 6,945,550 ("'550 Patent") (Exhibit B).

15.     The '725 Patent and '550 Patent are collectively referred to hereinafter as the "SHP Patents" and are in full force and effect.

### LGA's GearCage® Patent

16.     LGA was assigned a Utility Patent for its vehicle mounted cargo carrier, "GearCage®" product, No. 8,858,141 ("'141 Patent") (Exhibit C).

17.     The '141 Patent is referred to herein as the "GearCage® Patent" and is in full force and effect.

### LGA's Bike Rack Patent

18.     LGA was assigned Design and Utility Patents for its "VME Bike Rack" product, Utility Patent No. 8,889,456 and Design Patent Nos. D684,917, D717,716, D717,717 and D722,289 ("'456 Patent" [Exhibit D] Design Patents D684,917 [Exhibit E], D717,716 [Exhibit F], D717,717 [Exhibit G] and D722,289 [Exhibit H].)

19.     The '456 and Design Patents D684,917, D717,716, D717,717 and D722,289 are referred to herein as the "Bike Rack Patents."

4

### LGA's Trademarks

20. LGA has common law and registered trademarks on the "Silent Hitch Pin®" (SHP), first used in 1999, via U.S. Trademark Registration No. 4,296,604 (Exhibit I) and on the GearCage®, first used in 2004, via U.S. Trademark Registration No. 4,296,605 (Exhibit J) and for Moover™, first used in 2006, all of which have become distinctive by the acquisition of secondary meaning pursuant to 15 U.S.C. 1052 (f). Defendant U-Haul was authorized to use these marks on its sale of Cequent's properly licensed LGA products and certain products manufactured by LGA under a short term agreement, until Cequent's license was terminated and the private label agreement with LGA ceased, after which U-Haul would have no authority to use the trademarks. Other trademarks owned by LGA may be relevant to LGA's claims.

### LGA Copyrights

21. LGA owns the copyright for LGA Cargo Rack Operating Manuals, GearCage® Ramp Accessory, Moover™ Transporter System, GearCage® SP Cargo Rack, GearCage® TT Cargo Rack, TwinTube U-Build-IT registered with the U.S. Copyright Office, (No. TXu 1-847-969) ("LGA Copyrights") (shown in Exhibit K) as well as other copyrights on works of text, line art and photos which upon discovery may have been infringed by one or both Defendants.

### Defendants' Misconduct

22. In April of 2012, U-Haul signed a non-disclosure agreement with LGA related to U-Haul's potential licensing or sale of certain LGA inventions and intellectual property, including the SHP and the GearCage®. After the termination of Cequent's license in January of 2012, and any approved sell-off of Cequent's inventory, U-Haul was never again licensed by

LGA to sell the Silent Hitch Pin®, the VME Bike Rack, or the GearCage®, to copy any of LGA manuals and sales materials, or to use LGA's trademarks.

23. Through direct and email communications with LGA beginning in the year 2001, Wyers gained knowledge of LGA's SHP, and received actual product samples in 2001, to review for licensing the technology from LGA or using LGA as a private label source for the SHP product.

24. Nevertheless, on information and belief, from and after January 29, 2012, and the sell-off of any remaining inventory, Defendant U-Haul has purchased, imported, distributed, sold, offered to sell, licensed and/or obtained financial benefit from marketing and sale of the infringing copies of LGA's patented designs for Silent Hitch Pin®, the GearCage® and the Bike Rack without the agreement or consent of LGA.

25. Defendant Wyers manufactures and sells the Wyers Accused Products which unlawfully copy and infringe on LGA's Silent Hitch Pin® patents, and which are inferior to and "knock-off" the SHP products.

26. On information and belief, U-Haul has acquired from Cequent, after the termination of Cequent's license and after the sell-off of licensed inventory, the Accused Products and falsely sold and promoted the Cequent Accused Products to be LGA's Silent Hitch Pin® using the "Silent Hitch Pin®", "Gear Cage®" and "Moover™" trademarks.

27. These sales by Wyers and U-Haul occurred without attribution of true ownership including by mislabeling or misrepresentation as to the nature of the product, and without consent or authority from LGA to do so.

28. Wyers has made, used, sold and/or offered for sale within the United States, towing products, including the Wyers Accused Products that infringe at least claims 1, 2, 3 and 4 of the '725 Patent.

29. Wyers has made, used, sold and/or offered for sale within the United States, towing products, including the Wyers Accused Products, that infringe at least claims 1, 2, 3 and 6 of the '550 Patent.

30. U-Haul has used, sold and/or offered for sale within the United States, towing products, including the Cequent infringing SHP product that infringes at least claims 1, 2, 3 and 4 of the '725 Patent.

31. U-Haul has used, sold and/or offered for sale within the United States towing products, including Cequent Accused Products.  Cequent infringing SHP products infringe at least claims 1, 2, 3 and 6 of the '550 Patent.

32. U-Haul has used, sold and/or offered for sale within the United States, GearCage® towing products, including the Cequent infringing GearCage® product, that infringes at least claims 1-8 of the '141 Patent.

33. U-Haul has used, sold and/or offered for sale within the United States, towing products, including Cequent's infringing Bike Rack products, that infringe at least claims 1-6 of the '456 Patent and Design Patents D684,917, D717,716, D717,717 and D722,289.

34. All Cequent infringing products are designated as "Cequent Infringing Products."

35. U-Haul has also infringed the SHP Patents by reselling the Wyers Accused Products knowing that Wyers is thereby infringing the SHP Patents.

36. U-Haul marketed and sold the Cequent Infringing Products to the public, representing them to be LGA's SHPs, LGA's GearCage® and LGA's Bike Racks, including using LGA's trademarks, "Silent Hitch Pin®", "GearCage®" and "Moover™."

37. In or about September of 2014, U-Haul discontinued selling the infringing Cequent Product SHPs and started selling the infringing Wyers Accused Products to the public instead.

38. The marketing and product materials U-Haul provides to customers (shown in Exhibit M), copies, distributes, displays, and makes derivative works of photos, line art, text and content created and owned by LGA and subject to registered copyright (Exhibit K) and thereby infringes LGA's copyrighted works.

39. On information and belief, U-Haul has been and is now selling the infringing Wyers and Cequent Infringing Products, and distributing copies of LGA's copyrighted works through various wholesale and retail outlets, including but not limited to U-Haul Moving and Storage of Highlands Ranch, 1750 E. County Line Rd., Highlands Ranch, CO 80126. The wholesale and retail outlets where the Wyers and Cequent Products are sold are located in Colorado and elsewhere.

40. Upon information and belief, LGA's copyright management information contained on LGA's copyrighted works was removed in order to further conceal the infringing action. U-Haul knew or should have known of LGA's rights and the fact that the copyright management information had been altered. U-Haul's sale and distribution of the infringing products and copyright was in violation of 17 U.S.C. § 1202.

41.     U-Haul sells Cequent Infringing Products with Plaintiff LGA's patent numbers (See Exhibit N) and patent markings and otherwise represented that the Cequent Infringing Products were genuine LGA SHP, GearCage® and Bike Rack products when U-Haul had no such authority and acted with knowledge that U-Haul was marketing and selling infringing products and counterfeit goods.  The mis-marking and misrepresentation of the Cequent Infringing Products without LGA's authority or permission was an essential material element in U-Haul's marketing of these infringing products.

42.     By mis-marking and improperly marketing the Cequent Infringing Products, and by misrepresenting that it had LGA's authority to sell them and use LGA's designs, trademarks and patent numbers, U-Haul has unfairly competed with LGA, resulting in lost sales and sales opportunities, and impaired LGA's ability to gain market share and customers.

43.     With knowledge of LGA's intellectual property rights, Wyers has encouraged and instructed purchasers of the Wyers Accused Products to sell, market and use them as replacement Silent Hitch Pin®s, such that purchasers and users of the Wyers Accused Products inevitably infringe the SHP Patents.  Wyers has actively induced and contributed to the infringement of the SHP Patents by the end users of the Wyers Accused Products by a history of sales to U-Haul and Curt Manufacturing and others, for whom Wyers produced private label knock-offs of the SHP.

44.     U-Haul has, or in conjunction with others, taken these actions while mismarking and falsely misrepresenting their products as LGA's SHP, GearCage® and Bike Racks, and have misrepresented the facts of invention and ownership of the licensing patents to the SHP, Bike Rack and/or GearCage® products sold to the public, knowing those facts were false.

45. U-Haul and Wyers each acted with the intent to injure LGA and to unlawfully profit from LGA's innovations of the SHP, Bike Rack and/or GearCage®.

46. LGA has been harmed by Defendants' trademark infringement and mislabeling of the SHP, Bike Rack and GearCage® products that Defendants sold to the public, including damage to LGA's goodwill.

47. U-Haul and Wyers have, separately or together violated, and conspired with others to violate, LGA's intellectual property rights on more than two occasions.

48. U-Haul and Wyers knew, should have known, or acted in reckless disregard of LGA's ownership to and rights in the patents for the SHP, Bike Rack and GearCage® products, the trademarks and the copyrights of the works of authorship.

49. LGA has suffered damage flowing from the false representations, mismarking of products, and infringements by Defendants' conduct.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment Against All Defendants)

50. LGA incorporates fully by reference all of the allegations contained in paragraphs 1 through 49, as set forth above.

51. Pursuant to F.R.C.P. 57 this Court has the power to declare the rights, status, and legal relations of LGA and the Defendants with respect to the infringing and falsely labeled SHPs and the wrongful sales thereof.

52. An actual existing and *bona fide* antagonistic assertion and denial of right and actual justiciable controversy exists between LGA and the Defendants and each of them as to

their legal relations with respect to the Accused Products and SHPs which can only be determined by declaratory judgment.

53. By reason of the Defendants' conduct as set forth in this Complaint, LGA seeks, among other relief, the following declarations ("Declarations"):

    a. Neither of the Defendants have the lawful right to distribute, re-label and/or sell the SHPs or products identical or substantially similar thereto, such as the Wyers Accused Products and/or the Cequent Products without the express consent of LGA;

    b. LGA has not consented to the sale, re-labeling or distribution of the Wyers Accused Products or Cequent Products by either of the Defendants;

    c. Defendants should each be enjoined and restrained from manufacturing, advertising, re-labeling, distributing or selling the Wyers Accused Products and/or the Cequent Infringing Products and from holding out in any way a claim of ownership, right, or authority to manufacture or sell the Wyers Accused Products and/or Cequent Infringing Products, without the express prior consent of LGA;

    d. The acts and omissions of Defendants or either of them with respect to the Wyers Accused Products and/or Cequent Infringing Products were conducted knowingly, willfully, and in bad faith;

    e. LGA has been damaged and Defendants have each been unjustly enriched by their misconduct.

## SECOND CLAIM FOR RELIEF

### (Direct Infringement of Patents Against All Defendants)

54. LGA incorporates fully by reference all of the allegations contained in paragraphs 1 through 53, as set forth above.

55. Since at least January 29, 2012 and to the present, U-Haul has and continues to willfully and knowingly purchase, use, distribute, license, sell and/or offer for sale products which infringe LGA's patents in SHP, GearCage® and the Bike Rack without right and in violation of LGA's rights therein.

56. Wyers, by its manufacture, sale, and offer for sale of its Anti-Rattle Receiver Pin (ARRP), is willfully infringing LGA's SHP Patents.

57. U-Haul is a reseller of the infringing Wyers Accused Products (ARRP) and knows those products infringe LGA's SHP Patents.

58. By way of U-Haul's trademark infringement and use of SHP's patent marking, consumers have been confused by U-Haul's sale of products and have called on LGA to provide customer service or warranty work on those products. To protect its reputation, LGA has provided these consumers with customer service and warranty work.

59. Defendants' infringements are and at all times have been willful, deliberate, and intentional and with full knowledge of LGA's rights in the SHP Patents, the Bike Rack Patent and/or the GearCage® Patent.

60. The acts alleged above will continue unless enjoined by this Court, and Defendants have damaged LGA by reducing LGA's sales, injuring LGA's reputation and deceiving the public, thus causing Plaintiff LGA irreparable harm, the extent of which is

presently unknown.  LGA has no adequate remedy at law and injunctive relief, both preliminary and permanent, should be granted.

61. U-Haul for its infringement of the Bike Rack design patents should be required to account to LGA for its profits from such infringements from and after January 29, 2012, or as the date of issue of each design patent.  LGA should also be awarded its damages for the utility patent infringement as against each Defendant in an amount adequate to compensate for such infringements, but in no event less than a reasonable royalty for the use made by Defendants as provided by 35 U.S.C. § 284, together with reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and such other damages as may be allowable by law due to the exceptional nature of the infringement.

## THIRD CLAIM FOR RELIEF

### (Inducement to Infringe the SHP Patents Against Defendant Wyers)

62. LGA incorporates fully by reference all of the allegations contained in paragraphs 1 through 61, as set forth above.

63. Defendant Wyers had actual knowledge of the SHP Patents.

64. Defendant Wyers sold Defendant U-Haul the infringing Wyers Accused Products by producing private label knock-off supplies of the SHP product for U-Haul with actual knowledge that the products infringed LGA SHP patents.

65. Defendant Wyers knew that Defendant U-Haul and other users, as the purchaser and user of the Wyers Accused Products, would by that use infringe the SHP Patents.

66. Defendant Wyers is liable to Plaintiff LGA for inducing the infringement of the SHP Patents as provided by 35 U.S.C. §271(b).

### FOURTH CLAIM FOR RELIEF

### (Trademark Infringement and Unfair Competition Against Defendant U-Haul)

67. LGA incorporates fully by reference all of the allegations contained in paragraphs 1 through 66, as set forth above.

68. LGA is owner of the LGA Trademarks identified as "GearCage®", "GearSpace®", "GearDeck®," "TwinTube®" and "Silent Hitch Pin®" both by way of common law rights through direct use and licensed use, and by way of registration at the USPTO. LGA also owns the common law trademark rights in Moover™.

69. The LGA's rights in the Trademarks are valid and by way of secondary meaning protectable.

70. On information and belief, U-Haul has, since January 29, 2012 or after the authorized sell-off of licensed Cequent Products, infringed on LGA's Trademarks and competed unfairly in violation of the Colorado Consumer Protection Act 6-1-101 et seq. and Federal Lanham Act 15 U.S.C. § 1125(a) by using and displaying them in commerce in multiple retail outlets and on the internet, without the permission of LGA, in advertising and packaging for products sold or supplied to others in violation of LGA's rights in the LGA Trademarks, all to the detriment and damage of LGA. Such representations by U-Haul are either false, misleading or have a tendency to deceive consumers purchasing either product.

71. U-Haul's affirmative and material misrepresentations in commercial advertising and promotion have been disseminated to its customers and potential customers, many, if not all, of whom are also customers or potential customers of LGA, which is likely to cause confusion. The marks are similar, if not identical.

72. Customers have been actually confused and/or deceived by the false claims published by U-Haul. LGA and U-Haul market the same products and use the same marketing channels in Colorado. U-Haul's advertising and promotion are likely to further deceive existing and potential customers of the parties by implying a licensing relationship between the parties and/or by implying deficiencies in LGA's products that do not exist.

73. The actions of U-Haul have and are likely to continue to injure LGA by confusing the public and by causing LGA to lose customers and sales, resulting in business losses in an amount to be determined at trial and that are presently unknown to LGA, but that are believed to be substantial and are accumulating on an ongoing basis. Because of U-Haul's intentional and willful infringement, LGA is entitled to recover U-Haul's profits, LGA's damages, including trebled amount, prejudgment interest, and costs as provided by C.R.S. 6-1-113 and 15 U.S.C. § 1117 (a), (b) and (c). Further the facts support recovery of LGA's attorneys' fees as the infringement is exceptional.

74. The actions of U-Haul have and will continue to cause LGA substantial harm. LGA has a reasonable interest in its products, including GearCage® and Silent Hitch Pin® and which interest has been harmed or is subject to harm from the affirmative misrepresentations of U-Haul.

75. The damage to LGA's reputation and goodwill is continuing. U-Haul has caused and continues to cause irreparable harm to LGA for which LGA is entitled to preliminary and permanent injunctive relief.

**FIFTH CLAIM FOR RELIEF**

**(Copyright Infringement Against Defendant U-Haul)**

76. LGA incorporates fully by reference all of the allegations contained in paragraphs 1 through 75, as set forth above.

77. LGA possesses valid copyrights as evidenced by the registration. (Exhibit K)

78. On information and belief, U-Haul has willfully infringed on, misappropriated, copied and distributed protectable elements of LGA's copyrights, images and written manuals developed by LGA for its GearCage® invention, with the intent to commercially exploit these works to which U-Haul has no proprietary rights. U-Haul has published, distributed and used LGA's copyrighted materials, without the permission of LGA, in advertising and packaging for U-Haul's products sold or supplied to others in violation of LGA's rights, all to the detriment and damage of LGA.

79. As an example of the use of Plaintiff's copyrighted material we include Exhibit N with a comparison of materials from Plaintiff and U-Haul's sales and manual material.

80. By reason of these willful infringements of copyrights, LGA has sustained injury, loss and damage to its ownership rights and Defendant U-Haul has unlawfully, unfairly and wrongfully derived and will continue to derive income from these infringing acts.

81. For the infringements, LGA seeks its damages and U-Haul's profits, or applicable statutory damages as provided by 17 U.S.C. § 504 and cost and attorneys' fees under 17 U.S.C. § 505.

## SIXTH CLAIM FOR RELIEF

### (Copyright Infringement Against Defendant U-Haul)

82. LGA incorporates fully by reference all of the allegations contained in paragraphs 1 through 81, as set forth above.

83. By removing LGA's copyright management information from the LGA sales materials and owner's manuals and replacing it with U-Haul's, U-Haul infringed LGA's copyright under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a) and (b).

84. LGA is entitled to damages or statutory damages pursuant to 17 U.S.C. § 1203 and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

### (Passing Off Against Defendant U-Haul)

85. LGA incorporates fully by reference all of the allegations contained in paragraphs 1 through 84, as set forth above.

86. The Cequent Products (knock-offs of the Silent Hitch Pin® and GearCage®) that have been marketed, licensed and sold by U-Haul, were obtained by U-Haul from Cequent.

87. U-Haul falsely designated and misrepresented the origin of the Accused Products it sold to the public and represented them to the public as LGA being the origin of those products by the use of LGA's trademarks.

88. U-Haul's false designation of the origin of its products was likely to cause and has caused customer confusion.

89. LGA has been harmed by U-Haul's false designation of the origin of the Accused Products sold to the public, including but not limited to damage to LGA's goodwill from U-

Haul's sale of defective or inferior products identical to or intended to resemble LGA's SHP and GearCage® products.

## EIGHTH CLAIM FOR RELIEF

### (Patent Mismarking)

90.  LGA incorporates fully by reference all of the allegations contained in paragraphs 1 through 89, as set forth above.

91.  U-Haul has distributed and published information with their infringing products that falsely claims that their infringing products are sold and offered for sale with the authorization of LGA by the inclusion of LGA's patent numbers.

92.  U-Haul knew that as of the termination of Cequent's licensing with LGA, Cequent was no longer licensed to manufacture, sell or offer for sale the SHP or any other LGA product.

93.  U-Haul by continuing to sell and offer for sale the SHP product, with LGA's patent numbers listed, was misleading consumers.

94.  U-Haul's actions have caused LGA damage and lost sales due to said misrepresentation.

95.  As provided by 35 U.S.C. § 292, U-Haul is liable for said mismarking for each product sold with the false patent numbers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Let's Go Aero, Inc. requests that the Court:

a.  issue an Order containing the Declarations set forth above;

b. award LGA compensatory and multiplied damages against Defendants jointly and severally, for amounts to be proven at trial, to the fullest extent provided by law;

c. statutory damages where permitted for copyright infringement;

d. order Defendants to account for all sales, purchases, revenues and profits derived from its or their improper use and sale of LGA's SHPs, GearCage® and Bike Rack and to disgorge the profits forthwith or, alternatively, for judgment in the amount of at least a reasonable royalty;

e. award LGA its reasonable attorneys' fees and costs to the fullest extent provided by law and equity and for such other and further relief as the nature of the case may require;

f. issue preliminary and permanent injunctions enjoining each of the Defendants and their affiliated officers, directors, representatives, successors and assigns and all those in active concert or active participation with either of them:

   i. from advertising or selling the SHPs; and,

   ii. from aiding, abetting or inducing in any way the sale thereof by others without LGA's consent;

f. order each of the Defendants to undertake a corrective advertising campaign to rectify the confusion, deception, or misrepresentations caused by their illegal actions; and,

g. grant such other and further relief as the nature of the case may require.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Dated: February 19, 2016.

> Respectfully submitted,
>
> SILVER & DeBOSKEY,
> A Professional Corporation
>
> By:   */s/Martin D. Beier*
>      Thomas M. Haskins III (#17651)
>      Martin D. Beier (#20188)
>      Silver & DeBoskey P.C.
>      1801 York Street
>      Denver, CO 80206
>      (303) 399-3000
>      haskinst@s-d.com
>      beierm@s-d.com
>
>      J. Mark Smith (#973)
>      BERG HILL GREENLEAF RUSCITTI LLP
>      1525 17th Street
>      Denver, CO 80202
>      (303) 402-1600
>      JMS@bhgrlaw.com
>
> ATTORNEYS FOR PLAINTIFF

FK0861