**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-CV-00410-REB-NYW

LET'S GO AERO, INC., a Colorado corporation,

     Plaintiff,

v.

U-HAUL INTERNATIONAL, INC., a Nevada corporation,

and

WYERS PRODUCTS GROUP, INC., a Colorado corporation
d/b/a TRIMAX

     Defendants.

---

### ~~PLAINTIFFS' PROPOSED~~ PROTECTIVE ORDER [WITH DEFENDANT'S DISPUTED LANGUAGE AT P. 10]

---

Let's Go Aero, Inc., U-Haul International, Inc. and Wyers Products Group, Inc. (collectively the "Parties," and individually a "Party") anticipate that discovery in this action will require the production of documents, things, and testimony that may contain confidential, sensitive, or proprietary information. In the interest of expediting discovery and limiting disputes regarding access to such information, the Parties hereby stipulate and agree to the request for, and entry of, the Protective Order set forth below. This Protective Order does not address protections for production of source code, metadata, computer codes or similar electronic information as the Parties do not foresee the need to produce such information or data. The Parties agree that if such information or data is produced, the Parties will meet and confer on an amendment to this Protective Order or to a separate stipulated protective order to

cover the production of source code, metadata, computer codes or similar electronic information.

Based on the stipulation of the Parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

1.       All documents, information, and items produced in the course of discovery, including initial disclosures; responses to interrogatories and requests for admissions; production and disclosure of documents, information, and items; subpoenas; private mediation or alternative dispute resolution; and deposition testimony and exhibits, whether produced by a Party or nonparty, shall be subject to this Protective Order as set forth below.

2.       Any information or materials produced by any Party or nonparty as part of discovery in this action may be designated by such Party or nonparty (the "Designating Party") as (1) "CONFIDENTIAL" or (2) "ATTORNEYS' EYES ONLY" ((1) and (2) collectively referred to as "Designated Material") under the terms of this Protective Order. The protections conferred by this Protective Order also apply to: (1) any information copied or extracted from Designated Material; (2) all copies, excerpts, summaries, or compilations of Designated Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Designated Material. The protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to the receiving Party or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; ~~and~~ (b) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the

disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; <u>any document that is subject to a court order denying protection under this Order</u>. Any use of Designated Material at trial shall be governed by a separate agreement or order.

3.      By designating something as Designated Material, counsel for the Designating Party certifies under Rule 26(g) of the Federal Rules of Civil Procedure that to the best of counsel's knowledge, information, and belief formed after a reasonable inquiry that the designation is (a) consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (b) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (c) not unreasonable.

4.      Subject to Paragraph 3 above, information or materials may be designated as CONFIDENTIAL if the Designating Party believes in good faith that such information or materials must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as CONFIDENTIAL, such designated information shall be used by and on behalf of the receiving Party solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone by or on behalf of the receiving Party except as provided herein.

5.      Subject to Paragraph 3 above, information or materials may be designated as ATTORNEYS' EYES ONLY if the Designating Party believes in good faith that such materials comprise highly confidential information that likely would be of value to a supplier, competitor, or potential customer of the Designating Party possessing the information and that therefore

must be protected from disclosure.  ATTORNEYS' EYES ONLY information may include, without limitation, trade secrets, highly sensitive technical information, highly sensitive financial information, marketing plans and forecasts, pricing and cost information, and customer names and lists. Absent a specific order by this Court, once designated as ATTORNEYS' EYES ONLY, such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

6.     The designation of information or material as CONFIDENTIAL or ATTORNEYS' EYES ONLY for purposes of this Protective Order shall be made in the following manner by the Designating Party:

a.     In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the words CONFIDENTIAL or ATTORNEYS' EYES ONLY, as appropriate, to each page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Designating Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. A Party or nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed ATTORNEYS' EYES ONLY.  After the inspecting

Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Designating Party must affix the appropriate designation ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") to each page that contains confidential information. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted;

b.     In the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as appropriate, hereunder; or (ii) by written notice of such designation sent by the Designating Party to all Parties within 15 days after the Designating Party's receipt of the transcript of the deposition from the court reporter. The Parties shall treat all deposition and other pretrial and trial testimony as ATTORNEYS' EYES ONLY until the expiration of 15 days after the Designating Party's receipt of the transcript of the deposition from the court reporter. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation,

without further order of the Court. If any document or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the terms of this Protective Order, including the exclusion from the deposition of those persons not eligible to receive access to the materials so designated.

7.      Information or material designated as CONFIDENTIAL, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.      The Parties' outside counsel of record in this action and the Parties' house counsel, as well as the regular and temporary employees of such outside counsel and house counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

b.      Employees of the Parties whose assistance is needed by counsel for the purposes of this litigation and subject and conditioned upon compliance with paragraph 11 below;

c.      Consultants as defined in paragraph 9 below and pursuant to the provisions of Paragraph 10 below and subject and conditioned upon compliance with Paragraph 10 below;

d.      The Court and its personnel;

e.      Court reporters employed in connection with this action and their staff;

f.      Imaging, copy, graphics or design vendors retained by counsel for a Party for purposes of preparing documents during litigation or preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action and their employees and subcontractors, subject to and conditioned upon compliance with Paragraph 11 below;

g.      Jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 11 below;

h.      During their depositions, witnesses in the action to whom disclosure is reasonably necessary, subject to and conditioned upon compliance with Paragraph 11 below, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Designated Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

i.      The creator(s), author(s), or prior recipient(s) of a document containing information designated as CONFIDENTIAL, provided it is established in the document or by agreement of the Parties to this action that the person is an author or prior recipient of the document; and

j.      Any other person only upon order of the Court or upon written consent of the Party or nonparty producing the confidential information or material.

8.      Information or material designated as ATTORNEYS' EYES ONLY, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.      The Parties' outside counsel of record in this action and the Parties' house counsel, as well as the regular and temporary employees of such outside counsel and two designated house counsel who are not involved in patent prosecution or business decision making or contracting with vendors who will sign a copy of Ex. A.

b.      Consultants as defined in Paragraph 9 below and pursuant to the provisions of Paragraph 10 below and subject to and conditioned upon compliance with Paragraph 10 below;

c.      The Court and its personnel;

d.      Court reporters employed in connection with this action and their staff;

e.      Imaging, copy, graphics or design vendors retained by counsel for a Party for purposes of preparing documents during litigation or preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action and their employees and subcontractors, subject to and conditioned upon compliance with Paragraph 11 below;

f.      Jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 11 below;

     g.     The creator(s), author(s), or prior recipient(s) of a document containing information designated as ATTORNEYS' EYES ONLY, provided it is established in the document or by agreement of the Parties to this action that the person is an author or prior recipient of the document; and

     h.     Any other person only upon order of the Court or upon written consent of the Designating Party.

9.     For purposes of Paragraphs 7(c) and 8(b) above, a "consultant" shall be defined as a person who is not a past or present employee or past or present consultant for a Party at the time of disclosure nor anticipated to become an employee or consultant for a Party, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party. A technical or financial consultant may not be an employee or consultant, presently or in the foreseeable future, for any company that is a direct competitor of the adverse party.

10.     The procedure for a consultant to have access to Designated Material shall be as follows:

11.     The Party seeking to have a consultant, as defined in Paragraph 9 above, gain access, shall first provide to the consultant a copy of the Protective Order and obtain a copy of Exhibit A signed by an authorized representative of the consultant who will be responsible for compliance with this Order. All persons listed in Paragraphs 7(b), 7(c) 7(e), 7(f), 7(g), and 7(h) above may be given access to information or material designated as CONFIDENTIAL, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to

be Bound in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 8(b) and 8(d)-(f) above may be given access to information or material designated as ATTORNEYS' EYES ONLY provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.

~~Additional Language Tendered by Defendant U-Haul and Disputed by LGA:   Upon any person completing and signing the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A for a Party, that Party will provide the other Parties with notice that such person has completed and signed such Acknowledgement and Agreement to be Bound, and the other Parties shall have ten (10) days from such notice being sent to object to such person being given access to information or material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as applicable, before such person may be given access to such information or material; failure by the other Parties to object within ten (10) days from such notice being sent shall be deemed a waiver of such objection.~~

12.    Any person may be examined as a witness at trial or during a deposition concerning Designated Material when it appears that person had lawfully received the information or material prior to being examined or when the person is the Designating Party or its owner, officer, director, shareholder, affiliate, employee, representative, or agent.

13.    The Parties must file documents containing Designated Material under seal in accordance with Rule 7.2 of the Rules of Local Practice for the United States District Court for the District of Colorado and otherwise must comply with Rule 7.2, which will govern the Court's treatment of Designated Material.

14.     A Party may challenge a Party's or nonparty's designation of information or materials produced herein as CONFIDENTIAL or ATTORNEYS' EYES ONLY by serving a written objection upon the Designating Party. However, a Party shall not be obligated to challenge the propriety of any designation of information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. Any such objection must be served no less than 45 days before the dispositive motion deadline. The Designating Party shall notify the challenging Party in writing of the bases for the asserted designation within 10 days after receiving any written objection. The Parties and if applicable, the nonparty shall confer in good faith as to the validity of the designation within 5 court days after the challenging Party has received the notice of the bases for the asserted designation. To the extent an agreement as to the designation is not reached, the objecting Party may make an appropriate application to this Court after conferring with the Designating Party, requesting that specifically identified documents, information, or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the Parties, nonparty, or the Court, all Parties and other persons shall treat the information or materials in question as designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. If any Party takes a writ or appeal from the court's ruling on any such motion, that Party may apply for a stay pending determination of the writ or appeal.

15.     All Designated Material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 7 and 8 above as persons properly having access thereto. Secure facilities

shall be such as counsel would keep their most highly confidential information and shall not include unencrypted cloud storage or facilities that are normally accessible through the internet by means other than virtual private networks or encrypted transmissions.

16.     All counsel for the Parties who have access to Designated Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17.     Entering into, agreeing to, or producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order shall not:

a.      Operate as an admission by any Party that any particular Designated Material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

b.      Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party or nonparty to be CONFIDENTIAL or ATTORNEYS' EYES ONLY;

c.      Prejudice in any way the rights of any Party to object to the production of documents they consider not subject to discovery;

d.      Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

e.      Prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

f.      Prejudice in any way the rights of any Party or nonparty to petition the Court for a further protective order relating to any purportedly confidential information;

g.      Prejudice in any way the rights of any Party or nonparty to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of ATTORNEYS' EYES ONLY information or materials itemized in Paragraph 5 above, is properly designated ATTORNEYS' EYES ONLY; or

h.      Prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

18.     This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information or material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY obtained lawfully by such Party independently of any proceedings in this action, or which:

a.      Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

b.      Is or becomes publicly known through no fault or act of such Party; or

c.      Is rightfully received by such Party from a third party which has authority to provide such information or material and without restriction as to disclosure.

19.      The inadvertent or unintentional production of documents that contain non-public, confidential, proprietary, commercially sensitive, or trade secret information of a Party which is not marked CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be deemed a waiver in whole or in part of a Party's claim of confidential treatment under the terms of this Protective Order. Any document that initially is produced without bearing a confidentiality designation may later be so designated, with respect to future disclosure by the producing Party. If a Party or nonparty inadvertently produces CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking it as such, it may be disclosed to others until the disclosing Party or nonparty provides actual written notice to the receiving Party or the receiving Party becomes aware of the disclosing Party's or nonparty's error; provided, however, that the receiving Party is under such obligation only if it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the Party or nonparty. As soon as the disclosing Party or nonparty notifies the receiving Party of the inadvertent production, the information will be treated as if it had been timely designated under this Protective Order, and the receiving Party agrees to endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 7 or 8 above, as well as any copies made by such persons.

20.     If information subject to a claim of attorney-client privilege or attorney work product is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product to which the producing Party otherwise would be entitled, including the non-waiver and claw back rights in accord with Federal Rules of Evidence 502(d) which is made and incorporated into this order pursuant to Rule 502 (e). Any Party, upon identifying a document it has received from another Party which on its face appears to be attorney-client privileged or attorney work product, shall identify the document by Bates number to the producing Party. If a claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another Party, such Party shall promptly return to the claiming Party that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made. The recipient Party shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database. Any claim of privilege or work product protection shall be made consistent with the provisions of Paragraph 3 above, and shall be memorialized with a privilege log. The Parties agree that communications between Parties and counsel and any work product after this suit was filed need not be included in the privilege log. The provisions of this Paragraph shall not be deemed to prevent any Party from seeking an order compelling production of any document or information, including documents or information contained in documents that are returned as a result of a claim of inadvertent production. Any disputes regarding whether such inadvertent production is properly subject to a claim of attorney-client privilege or attorney work product

shall be promptly presented to the Court for resolution via motion by the Party contesting the claim.

22. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

22. The terms of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.

23. Each Party is entitled to seek modification of this Protective Order by application to the Court on notice to the other Parties hereto for good cause.

24. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

25. Except as otherwise provided in paragraph 26 below, within 60 days after the conclusion of this action, all originals and copies of Designated Material, other than Designated Material in possession of the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to the Designating Party. Alternatively, at the option of the Designating Party, and at its expense, a Designating Party may request that all Designated Material it produced be returned for its own disposition. Back up or archival records of Designated Materials that may be incorporated in backup tapes, storage or other media in the normal course of business by the Receiving Party need not be destroyed until the normal destruction of the backup media occurs. Whether the Designated Material is returned or

destroyed, the receiving Party must submit a written certification to the producing Party (and, if not the same person or entity, to the Designating Party) by the 60- day deadline that (1) identifies (by category, where appropriate) all the Designated Material that was returned or destroyed and (2) affirms that the receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Designated Material. For the purposes of this paragraph, the "conclusion of this action" shall be deemed to occur on the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

26.     After the conclusion of this action and any appeals arising therefrom, counsel for any Party in receipt of Designated Material under the Protective Order may retain copies of any Designated Material as counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action. Such copies shall remain subject to this Protective Order until a Designating Party agrees otherwise in writing or a court order otherwise directs.

27.     If a subpoena, court order, discovery request, or other compulsory process is received by a Party or its counsel requesting Designated Material received under this Protective Order, the Party or counsel subject to the request shall object to the production of the Designated Material based on the obligations of non-disclosure under this Protective Order, shall promptly notify the Designating Party in writing and provide the Designating Party with a copy of the subpoena or court order so that Party may intervene and seek protection of its

Designated Material, and shall cooperate with respect to all reasonable procedures sought to be  pursued by the Designating Party whose Designated Material may be affected.

28.     In the event that any Designated Material is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as CONFIDENTIAL or ATTORNEYS' EYES ONLY through such use. Counsel for the Parties  shall confer on such procedures as are necessary to protect the confidentiality of any documents,  information, and transcripts used in the course of any court proceedings, and shall incorporate  such procedures, as appropriate, in the pre-trial order.

29.     If a receiving Party learns that, by inadvertence or otherwise, it has disclosed  Designated Material to any person or in any circumstance not authorized under this Protective  Order, the receiving Party must immediately (a) notify in writing the Designating Party of the  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were  made of all the terms of this Protective Order, and (d) request such person or persons to execute  a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as  Exhibit A.

30.     This order shall survive the final conclusion of the action, and this Court retains jurisdiction of the Parties, their attorneys, and of any person who executes a copy of Exhibit A,  indefinitely as to any dispute between any of them regarding improper use of Designated Material.

**IT IS SO ORDERED.**


Dated:  <u>April 20, 2016</u>                    s/Nina Y. Wang
                                                      United States Magistrate Judge

FQ7842

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-CV-00410-REB-NYW

LET'S GO AERO, INC., a Colorado corporation,

      Plaintiff,

v.

U-HAUL INTERNATIONAL, INC., a Nevada corporation,

and

WYERS PRODUCTS GROUP, INC., a Colorado corporation
d/b/a TRIMAX

      Defendants.

---

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

---

The undersigned hereby acknowledges that he or she has read the Protective Order dated

\_ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Colorado in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him or her to use documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____    _____
Date                                                          Signature