**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 1:16-CV-00410-REB-NYW

LET'S GO AERO, INC., a Colorado corporation,

    Plaintiffs,

v.

U-HAUL INTERNATIONAL, INC., a Nevada
corporation, and
WYERS PRODUCTS GROUP, INC., a Colorado corporation
d/b/a TRIMAX

    Defendants.

## **DEFENDANT U-HAUL INTERNATIONAL, INC.'S MOTION TO STAY**

Defendant U-Haul International, Inc. ("U-Haul") moves the Court to stay this entire case pending: (a) a decision on co-defendant Wyers Products Group's ("Wyers") requests for *ex parte* reexamination of two of plaintiff Let's Go Aero, Inc.'s ("LGA") asserted patents; and (b) a resolution of an ongoing dispute between LGA and Cequent Performance, Inc. ("Cequent") over the very same Cequent products that LGA has sued U-Haul over here.

## **CERTIFICATION**

Undersigned counsel for U-Haul certifies under Local Rule 7.1 that he conferred with counsel for LGA and Wyers. Wyers does not oppose and filed a motion to stay (ECF No. 36) requesting the same relief sought by U-Haul this motion. LGA opposes a stay.

**INTRODUCTION**

LGA alleges that Wyers and Cequent sell products that infringe LGA's patents, trademarks, and copyright. LGA sued U-Haul as a customer of Wyers and Cequent, which buys the accused products from those two companies for resale to U-Haul customers. The accused Wyers products (collectively, the "Wyers Products") are hitch pins that connect hitch bars to hitch receivers on the rear of vehicles. (Compl. ¶ 2.) The accused Cequent products (collectively, the "Cequent Products") are hitch pins, cargo-management products that hitch to the back of vehicles (e.g., the "GearCage"), and hitch-mounted bike racks. (*Id.* ¶ 3.)

On June 1, 2016, Wyers filed with the USPTO requests for *ex parte* reexamination of the two hitch-pin patents that LGA asserts against Wyers and U-Haul. Wyers has moved the Court to stay the case pending resolution of those requests (ECF No. 36). The Court should stay this matter on that basis alone.

U-Haul, however, separately moves for a stay for a significant reason that is unique to U-Haul: all of the accused Cequent Products that LGA has sued U-Haul over are subject to an earlier filed lawsuit by LGA against Cequent. That dispute is currently before a federal district court in Illinois, which will decide whether LGA's claims on those products must proceed to arbitration or be decided in federal court. This Court should stay LGA's claims against U-Haul because the majority of issues—if not *all* issues—relating to the Cequent Products will be dispositively decided by that earlier-filed action against the manufacturer, Cequent, either in arbitration, federal court, or by settlement.

Thus, to avoid duplicative litigation and unnecessary expense, the Court should stay this case entirely.

## BACKGROUND

**I.    Cequent and LGA's Ongoing Dispute**

LGA and Cequent have been fighting over the Cequent Products and related intellectual property ("IP") since at least 2010. A recent Federal Circuit decision—which instructed that the Illinois district court should decide arbitrability of the Cequent-LGA dispute—summarizes the factual and procedural history of their battles. *See Let's Go Aero, Inc. v. Cequent Performance Products, Inc.*, No. 2015-1308, --- Fed. App'x ----, 2016 WL 827985 (Fed. Cir. Mar. 3, 2016) (hereinafter, "*Let's Go*"), attached as Exhibit A.

In December 2010, Cequent sued LGA in this District Court and alleged that LGA had breached a license agreement that purported to grant Cequent exclusive rights to certain products that LGA said it had IP rights over. *See Let's* Go, 2016 WL 827985, at *1. That case was entitled *Cequent Performance Products, Inc. v. Let's Go Aero, Inc.*, Case No. 10-cv-02921-MSK-CBS (D. Colo.) ("*LGA I*"), and it ultimately settled under a 2012 written settlement agreement. *See Let's Go* at *1. That settlement agreement, which was filed in "*LGA II*" (defined *infra*) as ECF No. 30-2, is attached as Exhibit B. The settlement terminated the license agreement between Cequent and LGA. (Exhibit B, Settlement ¶ 1.)[1] The settlement also included an AAA arbitration provision that

---

[1] LGA references the January 2012 "termination of Cequent's license" in paragraph 4 of its complaint in this case, although it does not mention that paragraph 1 of the settlement triggered that termination.

3

required all future disputes "arising from or relating to" the agreement to be resolved by arbitration in Chicago, Illinois. (*Id.* ¶ 23.)

On June 6, 2014, LGA restarted litigation when it sued Cequent over the Cequent Products in this District Court in the case entitled *Let's Go Aero, Inc. v. Cequent Performance Products, Inc.*, No. 1:14-cv-01600-RM-MEH (D. Colo.) ("*LGA II*"). LGA alleged that Cequent's sale of the Cequent Products after the termination of the license infringed LGA's patents, copyright, and trademarks. Eleven days later, LGA amended its complaint to add U-Haul as a defendant based on its alleged retail sales of the accused Cequent products. (*LGA II* Am. Compl. ECF No. 11.) On July 31, 2014, LGA dismissed U-Haul by amending its complaint a second time. (*LGA II* 2d Am. Compl., ECF No. 15.)

Cequent invoked the settlement's arbitration clause and moved the court in *LGA II* to compel arbitration. *See Let's Go*, 2016 WL 827985, at *2. LGA objected to venue over Cequent's motion because the arbitration provision required arbitration in Chicago, Illinois. *Id.* The *LGA II* Court granted in part, and denied in part, Cequent's motion. Cequent appealed. Because of LGA's venue objection, the Federal Circuit ruled, only the Illinois court had venue to decide arbitrability and dismissed with instructions that the Illinois court proceed to do so. *Id.* at *1.

After appeal, the *LGA II* Court administratively closed *LGA II* while the United States District Court for the Northern District of Illinois decides arbitrability. The Illinois court plans to rule on Cequent's petition to compel arbitration on August 2, 2016. The Illinois court also referred the matter for a settlement conference before Magistrate

Judge Susan Cox. *See Cequent Performance Products Inc. v. Let's Go Aero, Inc.*, Case No. 1:14-cv-08457, ECF No. 34, 36 (N.D. Ill.).

## II. This Case

On February 9, 2016, LGA filed this lawsuit against U-Haul and Wyers. LGA has sued U-Haul for selling the very same Cequent Products that it has sued Cequent for selling to U-Haul and others in *LGA II*. Again, LGA had originally named U-Haul as a Cequent co-defendant in *LGA II* over these same alleged sales. In *LGA II*, LGA has challenged as infringing Cequent's alleged sales of the silent hitch pin (*LGA II* 2d. Am. Compl. ¶ 12, ECF No. 15), the SportWing bicycle rack (*id.*), and the GearCage (*id.*). Here, LGA has sued U-Haul for its alleged sales of those same products that U-Haul allegedly purchased from Cequent. (Compl. ¶ 3 (alleging that "Gear Cage," "Sportwing Bike Rack," and "Silent Hitch Pin" are infringing products manufactured and supplied by Cequent "that were then sold through U-Haul").)

LGA alleges that Cequent's sales of those products, and U-Haul's resale of them, infringes LGA's putative copyright, trademarks, and patents. LGA has asserted against U-Haul the same copyright that it asserts against Cequent over the same owners' manuals. (*Compare* Compl. ¶ 21 (identifying Reg. No. TXu 1-847-969 and accused manuals) *with LGA II* 2d Am. Compl. ¶ 32, ECF No. 15 (identifying same copyright registration and manuals).) LGA asserts the same trademarks. (*Compare* Compl. ¶ 20 (identifying SILENT HITCH PIN, GEARCAGE, and MOOVER marks) *with* LGA II 2d Am. Compl. ¶ 30 (identifying same alleged marks and others).) And LGA asserts U.S.

Patent Nos. 6,609,725; 6,945,550; and D684,917 here, (Compl. ¶¶ 14, 19), and against Cequent in *LGA II*, (*LGA II* 2d Am. Compl. ¶ 8).

On June 3, 2016, Wyers moved to stay this case pending resolution of its requests for *ex parte* reexamination of the two hitch pin patents that LGA asserted against the Wyers and Cequent Products. (ECF No. 36.)

The Court should stay based on Wyers' motion and pending resolution of the LGA-Cequent dispute over the Cequent Products.

## **ARGUMENT**

**The Court should stay this case in favor of LGA's earlier-filed suit against the manufacturer, Cequent.**

### A. A Court should stay a case against a customer when it duplicates a different case against the manufacturer of the products at issue.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "As between federal district courts . . . the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). Unless an exception applies, the first-filed case proceeds while the later case is stayed. *See O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972). Staying the later-filed case conserves judicial resources, prevents duplicative expenses and efforts for the parties,

and prevents the possibility of inconsistent judgments. *See Colorado River*, 424 U.S. at 819-20.

When a patent owner files two separate actions over the same products against the products' manufacturer and its customer, the manufacturer suit should proceed while the customer suit is stayed, regardless of which was filed first. This "customer-suit exception" to the first-filed rule provides that "litigation against or brought by the manufacturer of infringing goods take precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). For the exception to apply, "the manufacturer's case need only promise to resolve the 'major issues' concerning the claims against the customer, and not every conceivable issue." *Ultra Products, Inc. v. Best Buy Co.*, No. 09-1095 (MLC), 2009 WL 2843888, at *6 (D.N.J. Sept. 1, 2009), *quoting Katz*, 909 F.2d at 1464.

The customer-suit exception exists because the "manufacturer is the true defendant in the customer suit . . . [for] it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Id.* The judicial preference for the manufacturer's case also makes sense because "a decision in the suit between [the patentee and manufacturer] would settle the issue finally and prevent further suits," whereas the case against the customer "would not be res judicata against allegedly infringing manufacturer, and a decree against the patent would still leave the patent owner free to sue other customers" *Delamere Co. v. Taylor-Bell Co.*, 199 F. Supp. 55, 57 (S.D.N.Y. 1961).

Thus, district courts correctly stay cases against customers when, as here, the "supplier litigation will resolve the major issues in the customer litigation, such as patent infringement and validity." *Blue Spike, LLC v. Zeitera, LLC*, No. 14-CV-01648 YGR, 2014 WL 4310977, at *1 (N.D. Cal. Aug. 28, 2014) (staying customer suit); *see also Ultra Prods.*, 2009 WL 2843888, at *8 (same); *Leviton Mfg. Co. v. Interline Brands Inc.*, No. 3:05-cv-123-J-33MCR, 2006 WL 2523137, at *4 (M.D. Fla. Aug. 30, 2006) (same).

### B. The first-filed rule and customer-suit exception both favor a stay.

Here, LGA first sued Cequent (and, for a time, U-Haul) over the same Cequent Products in *LGA II* that it has sued U-Haul on here, and LGA has asserted most of the same alleged IP rights in both cases. (*See supra* at p. 5.) Because that suit was filed first and Cequent is the manufacturer of the products at issue (*see* Compl. ¶ 3), it should proceed first, instead of LGA's claims against U-Haul in this case. Indeed, no matter how *LGA II* resolves, it should have dispositive effect on LGA's Cequent-based claims against U-Haul here. That is true regardless of whether *LGA II* is ordered to arbitration by the Illinois court, resolved in federal court, or settled by the Magistrate Judge in Illinois. *See Katz,* 909 F.2d at 1463 (in evaluating the customer suit exception "the primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other").

If Cequent prevails in arbitration or in federal court by proving, for example, that the asserted patents are invalid (or unenforceable) or that the accused Cequent products do not infringe the asserted patents, trademarks, or copyright, that ruling would collaterally estop LGA from recovering against U-Haul. *See Kessler v. Eldred,* 206 U.S.

8

285, 288–89 (1907) (patentee is barred from asserting infringement action against a customer of a seller who has previously prevailed against the patentee because of invalidity or non-infringement); *see also Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342-43 (Fed. Cir. 2013) (collateral estoppel bars patentee from suing others on claims of patent that are same or similar to those invalidated in different action).

If LGA prevails and recovers against Cequent in arbitration or in federal court, U-Haul would be released under the single-recovery rule. *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1303 (Fed. Cir. 2007) (holding that "a patentee may not sue users of an infringing product for damages if he has collected actual damages from a manufacturer or seller, and those damages fully compensate the patentee for infringement by users"). And if the case settles, U-Haul would be released as a term of that settlement.

Indeed, this is not even a case where the customer-suit exception is needed to overcome the first-filed rule since LGA chose to sue Cequent first, and even included U-Haul in that lawsuit. Thus, both the first-filed rule and the customer-suit exception to that rule favor a stay of this case. *See Ultra Products,* 2009 WL 2843888, at *6 (staying patent case against customer that was filed after suit against manufacturer as consistent with both first-filed rule and customer-suit exception).

Finally, a stay is especially appropriate to deter LGA from bringing more redundant lawsuits against other Cequent customers over these same Cequent Products. LGA recently threatened that it "intends to file actions against Amazon, Wal-Mart, Sears, K-Mart and others who have sold and/or distributed LGA's products

9

manufactured or supplied by Cequent." (*See* LGA Pre-Settlement Conference Statement in Illinois Action, attached as Exhibit C.) It is unclear why LGA would file all of these lawsuits when a single proceeding against the manufacturer Cequent—which LGA commenced two years ago—is all that is required. The Court should stay this case to avoid the risk that this lawsuit and future customer lawsuits would be misused to exert litigation pressure on Cequent and its customers to try and obtain an undeserved settlement. This Court should stay the case to set the right precedent and deter LGA from filing any more redundant lawsuits against Cequent customers.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and stay all proceedings until resolution of LGA's dispute against Cequent.

Respectfully submitted this 9th day of June, 2016.

                                      **BRYAN CAVE LLP**

                                      *s/ George C. Chen*
                                      George C. Chen
                                      One Renaissance Square
                                      Two North Central Ave., Suite 2200
                                      Phoenix, AZ  85004-4406
                                      Telephone: (602) 364-7000
                                      Facsimile: (602) 264-7070
                                      Email:  george.chen@bryancave.com

                                      Erin A. Kelly
                                      1700 Lincoln Street, Suite 4100
                                      Denver, CO  80203-4541
                                      Telephone: (303) 861-7000
                                      Facsimile: (303) 866-0200
                                      Email:  erin.kelly@bryancave.com

                                      ATTORNEYS FOR DEFENDANT U-HAUL INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 9, 2016, a true and correct copy of the foregoing **DEFENDANT U-HAUL INTERNATIONAL, INC.'S MOTION TO STAY** was filed with the Clerk of Court using the CM/ECF system which will service such filing on the following:

Thomas M. Haskins, III, Esq.
Martin D. Beier, Esq.
Silver & DeBoskey P.C.
1801 York Street
Denver, Colorado 80206
haskinst@s-d.com
beierm@s-d.com

Andrew D. Thompson
Gordon & Melum LLC
5500 East Yale Avenue, Suite 300
Denver, Colorado 80222
athompson@gorlaw.com

J. Mark Smith, Esq.
Berg Hill Greenleaf Ruscitti LLP
1525 Seventeenth Street
Denver, Colorado 80202
jms@bhgrlaw.com
*Attorney for Plaintiff*

Ralph M. Martin, #11487
Patent Law Offices of Rick Martin, P.C.
P. O. Box 1839
Longmont, CO 80502
rmartin@patentcolorado.com

*s/ Jennifer Pearce*

11