**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action Number: 1:16-CV-00410-REB-NYW

LET'S GO AERO, INC., a Colorado corporation,

Plaintiff,

v.

U-HAUL INTERNATIONAL, INC., a Nevada
Corporation,

and

WYERS PRODUCTS GROUP, INC., a Colorado corporation
d/b/a TRIMAX,

Defendants.

---

DEFENDANT WYERS PRODUCTS GROUP, INC.'S REPLY TO PLAINTIFF LET'S GO AERO, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

---

Defendant Wyers Products Group. Inc. ("Wyers"), by undersigned counsel, submits this reply to Plaintiff's Let's Go Aero, Inc.'s Response in Opposition to Defendant Wyers' Motion to Stay [Doc. #41] (the "Response") and states:

Wyers moves for a stay of this entire case pending the outcome of its request for *ex parte* re-examination of the '550 Patent and the '725 Patent, which Wyers submitted to the United States Patent and Trademark Office ("PTO") on June 1, 2016. In the alternative, Wyers moves for a stay of the claims related to the '550 Patent and the '725 Patent.

Wyers and Let's Go Aero, Inc. ("LGA") agree *eSoft, Inc. v Blue Coat Sys., Inc.* 505 F. Supp. 2d 784, 787 (D. Colo. 2007) sets forth the factors the Court should consider in determining whether to stay a lawsuit pending *ex parte* re-examination. *See* Response at p. 1. Those factors are (1) whether a stay will simplify the issues; (2) the status of completion of discovery and trial

setting; and (3) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage for the moving party. *See eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007). All of these factors support Wyers's request for a stay.

**A. A Stay Will Simplify the Issues.**

Plaintiff contends the issues in this case will not be simplified, because a complete cancelation of all claims occurs in only twelve percent (12%) of *ex parte* re-examination. *See* Response at p. 2 (referring to the USPTO's *Ex Parte* Reexamination Filing Data attached as **Exhibit 1** to the Motion to Stay). However, the cancelation of all patent claims is not the threshold for simplifying the issues. Such simplicity is also achieved if any of the litigated claims are refined after the PTO's review of a substantial new question of patentability, which is informed by previously unconsidered prior art disclosed in the *ex parte* re-examination application. Historically, seventy-eight percent (78%) of claims subject to re-examination are either canceled or changed. Therefore, the odds favor re-examination will affect the parties' approach to discovery and trial.

Even Plaintiff concedes the re-examination will "slightly alter" the issues in this case. *See* Response at p. 2. Although, the alteration to the issues of the case will not be so "slight." The Graber anti-rattle device (the "Graber Product") was not previously in front of the Examiner for either the '725 Patent or '550 Patents. A publication reflecting the Graber anti-rattle device (the "Graber Reference") is attached hereto as **Exhibit 1**. Graber did not ever bother to file a patent on this old spring, nut and bolt assembly. By summer's end, the PTO will find that the Graber Reference creates a substantial new question of patentability. In fact, the Yakima patent in the patent file history is substantially the same as the Graber Product. However, Yakima added a cam lever to get its patents (see **Exhibit 2** attached hereto). Thus Graber and Yakima, two

industry leaders, knew this LGA device was old and unpatentable. Similarly, the Wyers's emails LGA attached to its Response demonstrate (1) Wyers produced this simple device long before LGA filed for a patent, and (2) Wyers did not consider such a well-known assembly patentable. See Response, **Exh. A.** The other new references disclosed in Wyers's *ex parte* re-examination application, e.g., the Parent patent (attached hereto as **Exhibit 3**) and the Pleuss Patent (attached hereto as **Exhibit 4**), on their face invalidate both the '550 Patent and the '725 Patent. By its Motion to Stay, Wyers's simply requests the Court allow the PTO to lend its expertise to apply these references to the validity of LGA's patents.

Plaintiff also contends that a stay is impractical because of its non-patent claims. That is not true. A stay in this case is immensely practical. The Scheduling Order [Doc. #22] in this case is frontloaded with patent-oriented discovery occurring in one-month intervals for the next year. *See* Scheduling Order § 8(a)-(p). At this stage, a stay postpones this discovery, which may be rendered moot, or otherwise change course depending upon re-examination results.

**B. The Lack of Progress Warrants a Stay.**

A stay is appropriate when the parties are not so heavily invested in trial. The simple fact is the litigation is still in its infancy. In opposition to a stay, Plaintiff points to the preliminary events of this case (e.g., scheduling orders, confidentiality orders, and initial disclosures). Having accomplished only preliminary events merely highlights the lack of progress in discovery and preparation for trial. Given the history of extensions in this case, a stay would be par for the course. Thus far, the tempo of this case has been extension after extension. *See, e.g.,* Stipulation and Joint Motion for Modification of Order Regarding Discovery of Electronically Stored Information [Doc. #43] (extending Information Exchange Date ninety days to September 28, 2016). While a trial date has been set, it is not for over two years. In fact, the

Court quipped that counsel will know where they will be on September 17, 2018 to poke humor at the far-off-trial setting.

**C. A Stay Will Not Cause LGA Undue Prejudice.**

In its Response, Plaintiff accuses Wyers of dilatory motives or tactics. Such an accusation is without merit. In its Response, Plaintiff faulted Wyers for failing to apply for *ex parte* re-examination in November 2012. Apparently, in November 2012, Mr. Williams's alleged Mr. Wyers infringed the SHP patent and threatened to sue Mr. Wyers if Mr. Wyers did not enter into a license agreement. *See* Response, **Exh. A**, pp. 4-5. This threat alone did not then justify incurring the tens of thousands of dollars required to file two *ex parte* re-examination applications. Moreover, it should not be overlooked – as Plaintiff has done – that Mr. Williams threatened to involve attorneys and the court. *See* Response, **Exh. A**. pp. 4-5. However, Plaintiff did not file this complaint until February 2016 – three years and three months after the November 2012 email chain.

Plaintiff also argues that its prayer for injunctive relief is indicative of the risk of prejudice against Plaintiff. That argument is a farce. Plaintiff confesses four months following the start of this lawsuit, Plaintiff has yet to file its motion for preliminary injunction to prevent an infringement it apparently knew of three-and-a-half years ago. *See* Response, at p. 7; *id.*, **Exh. A**; *but see* Response, at p. 6 (accusing Wyers of dilatory tactics for waiting <u>three months</u> to confer, draft, research, and file an application for re-examination prompted by Plaintiff's lawsuit). To be certain, Plaintiff's failure to pursue injunctive relief demonstrate Plaintiff is not at all concerned about Wyers's or U-Haul's conduct.

**SUMMATION**

A stay is appropriate in this case. A stay will save precious resources of the Court and give the Court the benefit of the PTO's expertise. The PTO should advise whether they will conduct Wyers's *ex parte* re-examinations in September 2016; most *ex parte* re-examinations resolve within a year. The ultimate outcome of re-examination favors substantial changes to the claims at issue in this lawsuit. Afterall, the two largest players in this field, Yakima and Graber, did not even bother to file a patent on such well-known and obvious art in the field.

WHEREFORE, Defendant Wyers Production Group, Inc. respectfully requests this Court grant its Motion to Stay and provide Plaintiff such other relief as the Court deems just and proper.

DATED THIS 11th day of July, 2016.

GORDON & MELUN LLC

BY: */s/ Andrew D. Thompson*
Andrew D. Thompson
5500 East Yale Avenue, Suite 300
Denver, Colorado 80222
Tel: (303) 756-0800
Fax: (303) 756-9315
Email: athompson@gorlaw.com

Ralph (Rick) Martin
Patent Law Offices of Rick Martin, P.C.
P.O. Box 1839
Longmont, Colorado 80502
Tel: (303) 653-5546
Email: rmartin@patentcolorado.com
*Attorneys for Defendant Wyers*

## CERTIFICATE OF SERVICE PURSUANT TO F.R.C.P. 5

I hereby certify that on the 11th day of July 2016, I filed the foregoing DEFENDANT WYERS PRODUCTS GROUP, INC.'S REPLY TO PLAINTIFF LET'S GO AERO, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Thomas M. Haskins, III, Esq.
Martin D. Beier, Esq.
Silver & DeBoskey, P.C.
1801 York Street
Denver, Colorado 80206
haskinst@s-d.com
beierm@s-d.com
*Attorneys for Plaintiff*

J. Mark Smith, Esq.
Berg Hill Greenleaf Ruscitti LLP
1525 Seventeenth Street
Denver, Colorado 80202
jms@bhgrlaw.com
*Attorney for Plaintiff*

Erin A. Kelly, Esq.
Bryan Cave LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203-4541
erin.kelly@bryancave.com
*Attorney for Defendant U-Haul International, Inc.*

By: */s/ Tammy L. Hanks*
Tammy L. Hanks