**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 1:16-CV-00410-REB-NYW

LET'S GO AERO, INC., a Colorado corporation,

    Plaintiffs,

v.

U-HAUL INTERNATIONAL, INC., a Nevada
corporation, and
WYERS PRODUCTS GROUP, INC., a Colorado corporation
d/b/a TRIMAX

    Defendants.

---

**REPLY IN SUPPORT OF DEFENDANT U-HAUL INTERNATIONAL, INC.'S
MOTION TO STAY CASE**

---

Defendant U-Haul International, Inc. ("U-Haul") now replies to plaintiff Let's Go Aero, Inc.'s ("LGA") Response in Opposition to U-Haul's Motion to Stay [#47] ("Opp."), filed on July 1, 2016.

### Argument in Reply

**I.  LGA fails to rebut U-Haul's grounds for a stay**

    **A.  LGA fails to address the first-filed rule that dictates a stay.**

U-Haul has moved for a stay because, first, LGA sued Cequent in this court[1] for selling certain products, and now, LGA is suing U-Haul in this lawsuit for buying those same products from Cequent. Indeed, by originally joining U-Haul in its first-filed case

---

[1] *Let's Go Aero, Inc. v. Cequent Performance Products, Inc.*, No. 1:14-cv-01600-RM-MEH (D. Colo.). This first-filed case is awaiting a decision of arbitrability by United States District Court for the Norther District of Illinois.

against Cequent, LGA admitted that its claims against U-Haul raise the same issues as do its claims against Cequent. *See* Fed. Civ. R. 20(a)(1) (identifying commonality as requirement for joining defendants). The question of "whether Cequent products (that U-Haul is accused in this lawsuit of buying from Cequent and then reselling) infringe any LGA patent, trademark, copyright, or common law right" will be decided in the first-filed Cequent case (either through arbitration or district court litigation in the first-filed Cequent case), so it would be wasteful to have this Court decide those same issues separately.

Although LGA sued Cequent first, LGA never addresses the first-filed rule. Instead, LGA jumps straight to questioning whether the customer-exception to the first-filed rule should apply. (Opp. at 2.) There is no need, however, to go to the exception. The first-filed rule dictates that the first-filed Cequent case should go first, regardless of whether the exception applies. *See Ultra Products, Inc. v. Best Buy Co.*, No. 09-1095 (MLC), 2009 WL 2843888, at *6 (D.N.J. Sept. 1, 2009) (customer-suit exception not necessary when plaintiff sues manufacturer first). On this basis alone, the Court should grant the requested stay.

      **B.**    **LGA's distinction between patent and non-patent claims does not matter because both types of claims are asserted in both cases**

LGA contends—without citation or analysis—that a stay should be denied because, according to LGA, the "non-patent" claims against U-Haul "are wholly unrelated to the ***patent*** claims LGA asserts against Cequent." (Opp. at 5 (emphasis added).) First, this statement is not true because the non-patent claims against U-Haul in this lawsuit challenge the very same Cequent products that LGA accuses of patent

infringement in this lawsuit and in the first-filed Cequent lawsuit. In the first-filed Cequent case, LGA directs its patent infringement claims against "LGA Inventions," (*LGA II* 2d Am. Compl. ¶¶ 69-76), which LGA defines as the "Pixie/Sport Wing," "Silent Hitch Pin," and "GearCage," (*id.* ¶12).[2] Those are the same products that LGA includes in its definition of "Cequent Products" here (Compl. ¶ 3), and they are the same products that LGA asserts its non-patent claims against here (*id.* ¶¶ 67-75 (trademark infringement and unfair competition against "Cequent Products"), ¶¶ 76-81 (copyright infringement against "GearCage" owner manual), ¶¶ 85-89 (passing off against "Cequent Products")). Therefore, the patent and non-patent claims are not "wholly unrelated," as LGA alleges, but rather, are directly related to each other.

Regardless, LGA does not dispute that the *non-patent* claims against U-Haul are the same as the *non-patent* claims against Cequent because they are the same. LGA alleges in the first-filed Cequent case that Cequent's sales of products (which would include Cequent's sales to U-Haul) infringe an alleged copyright to owner manuals, infringe alleged trademarks to the product names, and are unfair competition and reverse passing off. (*See LGA II* 2d Am. Compl. ¶¶ 30, 32, 83-89 (trademark infringement), ¶¶ 95-99 (copyright infringement), 103-108 (unfair competition), and ¶¶ 109-113 (reverse passing off).)

These are the very same allegations and non-patent claims that LGA makes against U-Haul here over the very same Cequent products. (Compl. ¶¶ 20, 21, 67-75 (trademark infringement and unfair competition based on alleged Cequent product

---

[2] The *LGA II* 2d Am. Compl. was filed as ECF # 15 in *Let's Go Aero, Inc. v. Cequent Performance Products, Inc.*, No. 1:14-cv-01600-RM-MEH (D. Colo.).

802986    3

sales), ¶¶ 76-84 (copyright infringement based on owner manuals allegedly sold with Cequent products), ¶¶ 85-89 (reverse passing off based on alleged Cequent product sales).)

Res judicata, collateral estoppel, and the single-recovery rule—all of which favor a stay—are fundamental legal doctrines that apply across different fields of law. They are not limited to patent claims, and LGA does not show or argue otherwise. Thus, the resolution of the non-patent claims in the first-filed Cequent case will resolve the non-patent claims against U-Haul here. For example, if the district court or arbitrator decides that the owner manuals that Cequent allegedly sold with its GearCage products are not substantially similar to LGA's allegedly copyrighted work, then LGA would be collaterally estopped from proceeding against U-Haul for allegedly distributing those same owner manuals. *See O'Neill v. Dell Publishing Co.*, 630 F.2d 685, 690 (1st Cir. 1980) (once no substantial similarity is found, plaintiff is collaterally estopped from suing other defendants on same publications). Thus, the grounds for staying the non-patent claims are equal in strength to the grounds for staying the patent claims, and LGA's distinguishing between patent and non-patent claims does not help its opposition to a stay.

The single case that LGA cites, *Photoflex,* is not to the contrary. (Opp. at 5, *citing Photoflex Prods., Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363 (N.D. Cal. May 24, 2006).) In that non-published district court decision, the district court stayed the patent claims pending a reexamination of the asserted patent by the USPTO. The district court declined to stay the non-patent claims because the reexamination by

the USPTO would decide only the validity of the asserted patent. There was no chance that the patent reexamination would resolve the non-patent claims, so there was no potential benefit to staying resolutions of those claims. *Id.* at *2. In contrast to this case—where the non-patent claims will be decided in the first-filed Cequent case—there was no parallel and earlier-filed litigation in *Photoflex* that would resolve the non-patent claims in *Photoflex*.

## II.     Each of LGA's arguments against a stay are meritless.

LGA tries several arguments against a stay. Each one fails.

First, LGA argues "Cequent's stalling tactics in LGA's other case weighs heavily against a stay here." (Opp. at 2.) (emphasis removed) There is no legal authority—and LGA cites no such authority—that would require this Court to decide whether there were any "stalling tactics" in the first-filed case, much less who is to blame for them. What matters is: (a) which case was filed first: the Cequent case; (b) which case is against the manufacturer (*i.e.*, the true defendant): the Cequent case; and (c) whether disposition of the first-filed case will resolve many of the issues in this case: it will. If the first-filed Cequent case has been delayed, Cequent showed in a recent brief to the Illinois district court, which is attached as Ex. A, that LGA caused the delay. (Cequent Reply Br. in Supp. of Pet'n to Compel Arbitration at p. 1, 6.) LGA appears to enjoy a commercial benefit by having cases pending against Cequent and Cequent customers, and is doing all it can to avoid any tribunal from deciding the merits, or lack thereof, of its claims. If LGA were anxious to get to the merits in its case against Cequent, it could have submitted its case to arbitration two years ago or waived the venue objection that it

made to the Colorado district court—the court in which LGA chose to file its lawsuit—deciding Cequent's motion to compel arbitration two years ago. *See Let's Go Aero, Inc. v. Cequent Performance Products, Inc.*, No. 2015-1308, --- Fed. App'x ----, 2016 WL 827985, at *1-4 (Fed. Cir. Mar. 3, 2016) (reciting procedural history of first-filed Cequent case), filed here as ECF # 39-1.

Second, LGA argues that the law allows it to sue customers of alleged infringers. (Opp. at 3-4.) U-Haul's motion, however, does not challenge LGA's *right to sue*. Instead, it merely seeks a stay of this case that LGA has already commenced. Whether LGA has a right to sue U-Haul is irrelevant to whether this case should be stayed after it has been filed. Similarly, LGA says that its claims against U-Haul would not be barred until LGA has "been fully compensated through its suit against Cequent." (Opp. at 4.) Again, U-Haul is not arguing that LGA's lawsuit against U-Haul is "barred," but rather that the lawsuit should be stayed to see if it might be barred later. In fact, LGA's argument highlights why a stay makes sense. Specifically, if LGA does prevail over Cequent and is compensated, then LGA's claims against U-Haul would be barred, and this case would be dismissed.

Third, LGA argues that U-Haul must prove that Cequent would be able to pay a damage award to obtain a stay. (Opp. 5.) For starters, it is inconceivable that Cequent would not be able to pay a judgment, especially given the relatively small size of this case. Cequent has been in business for decades and is part of Horizon Global Corporation, which is a company publicly traded on the New York Stock Exchange that

ended 2015 with $23 million in cash, $575 million in annual revenue, and $331 million in assets.[3]

Regardless, no such proof is needed. The 60-year-old Ninth Circuit case that LGA relies on, *American Chemical*, does not apply here to require affirmative proof of Cequent's ability to pay a judgment. *Am Chemical Paint Co. v. Thompson Chem. Corp.*, 244 F.2d 64 (9th Cir. 1957). In *American Chemical*, the manufacturer sought an injunction that would bar plaintiff from filing future lawsuits against customers. *Id.* at 67. That is an extraordinary remedy and is not what U-Haul seeks. Again, U-Haul merely seeks a stay. LGA cites no case law that would require U-Haul to prove Cequent's ability to pay a judgment to obtain a stay. Whether such proof would be required to obtain an injunction barring future filings by LGA is irrelevant.

Fourth, LGA argues that a stay should be denied because "U-Haul has not shown that it has an indemnity agreement with Cequent, nor has U-Haul stated in its motion that it would agree to be bound by any of the decisions reached in [the first-filed] *Cequent* case." (Opp. at 6.) The Federal Circuit, however, has held that a customer need not agree to be bound by the manufacturer's case to obtain a stay when, as here, the major issues to be decided in the manufacturer's case will resolve the issues as to the manufacturer's customers. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (affirming enjoinment of suit against customer); *see also Ultra Prods.*, 2009 WL 2843888, at *7 (granting stay where customer did not agree to be bound by results in other case and no indemnification agreement existed).

---

[3] *See* 2015 10-K Form, available at http://investors.horizonglobal.com/2015annualreviewand10-K.

Fifth, LGA argues there should be no stay because it claims to need discovery from U-Haul on whether "U-Haul's purchases [of silent hitch pins] from Cequent *exceed* the sales that would have occurred" under a phase-out term of a settlement agreement between Cequent and LGA. (Opp. at 6.) This argument makes no sense because a stay would not deprive LGA of that information. LGA will learn how many silent hitch pins Cequent sold to U-Haul through discovery requests that it will serve on Cequent. There is no need to obtain U-Haul's purchasing records when LGA will obtain Cequent's sales records to U-Haul. Even if LGA needed U-Haul's purchasing records, LGA never explains why it could not obtain those records in the first-filed Cequent case by issuing a subpoena on U-Haul. Moreover, U-Haul has told LGA that it will produce its sales numbers to LGA to discuss settlement, so LGA's "need" argument is built on a fictitious foundation.

Sixth and lastly, LGA argues that there should be no stay because it also asserts Wyers-based claims against U-Haul. (Opp. at 7.) Again, those claims should be stayed pending resolution of Wyers' request for *ex parte* reexamination of the patent that forms the entirety of LGA's Wyers-based claims against U-Haul. Also, even if those claims were to proceed against Wyers and U-Haul—and they should not—then this Court should sever U-Haul from this case under Federal Civil Rule 20(b). Then, the Court should stay the severed U-Haul case. Rule 20(b) permits such a "protective measure" because it would spare U-Haul from the unnecessary expense and prejudice required to litigate claims that are duplicative of claims that will be decided in LGA's claims against the manufacturers of the products at issue. Again, because U-Haul is being sued *only*

as a customer of Wyers and Cequent, LGA's claims against U-Haul should be stayed pending resolution of the claims against the two true defendants, namely, the manufacturers Wyers and Cequent. *See Codex Corp. v. Milgo Electronics Corp.*, 533 F.2d 735, 737-38 (1st Cir. 1977) (cases should be decided against manufacturer of product, rather than customer, because "the manufacturer is the true defendant" in such cases).

## Conclusion

For the foregoing reasons, the Court should grant this motion and stay all of LGA's claims against U-Haul.

Respectfully submitted this 15th day of July, 2016.

**BRYAN CAVE LLP**

*s/ George C. Chen*
George C. Chen
One Renaissance Square
Two North Central Ave., Suite 2200
Phoenix, AZ  85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 264-7070
Email:  george.chen@bryancave.com

Erin A. Kelly
1700 Lincoln Street, Suite 4100
Denver, CO  80203-4541
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
Email:  erin.kelly@bryancave.com

ATTORNEYS FOR DEFENDANT U-HAUL INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 15, 2016, a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANT U-HAUL INTERNATIONAL, INC.'S MOTION TO STAY CASE** was filed with the Clerk of Court using the CM/ECF system which will service such filing on the following:

Thomas M. Haskins, III, Esq.
Martin D. Beier, Esq.
Silver & DeBoskey P.C.
1801 York Street
Denver, Colorado 80206
haskinst@s-d.com
beierm@s-d.com

Andrew D. Thompson
Gordon & Melum LLC
5500 East Yale Avenue, Suite 300
Denver, Colorado 80222
athompson@gorlaw.com

J. Mark Smith, Esq.
Berg Hill Greenleaf Ruscitti LLP
1525 Seventeenth Street
Denver, Colorado 80202
jms@bhgrlaw.com
*Attorney for Plaintiff*

Ralph M. Martin, #11487
Patent Law Offices of Rick Martin, P.C.
P. O. Box 1839
Longmont, CO 80502
rmartin@patentcolorado.com

 *s/ Marvene Muñiz*
 Marvene Muñiz

802986  10