**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-CV-00410-REB-NYW

LET'S GO AERO, INC., a Colorado corporation

    Plaintiff

v.

U-HAUL INTERNATIONAL, INC., a Nevada
corporation,

and

WYERS PRODUCTS GROUP, INC., a Colorado corporation
d/b/a TRIMAX

    Defendants

---

**JOINT STATUS REPORT PURSUANT TO MINUTE ORDER DATED
DECEMBER 16, 2016 [DOC #61]**

---

Per this Court's Minute Order, the parties are to submit a supplemental Joint Status Report advising the Court "on the Arbitrator's ruling as to the arbitrability of the claims in the LGA-Cequent arbitration and how that ruling impacts this proceeding (including but not limited to whether there are any, and which, accused products that are not part of the Cequent arbitration)[.]"

**A.    The Parties Jointly Advise The Court As Follows:**

On January 5, 2017, the Arbitrator in the LGA-Cequent arbitration in Chicago issued Order #2 Regarding Arbitrability of Claims, and determined that each of the twelve claims asserted by LGA in its Second Amended Complaint filed in the U.S. District Court for the District of Colorado were arbitrable (*see* Civil Action No.: 1:14-cv-01600-MEH (D. Colo), ECF

No. 15). A copy of the Arbitrator's Order #2 is attached as Ex. 1. Finding all twelve claims arbitrable, the Arbitrator requested the parties to review the AAA's Supplementary Rules for the Resolution of Patent Disputes ("AAA Patent Rules"). The Arbitrator further directed LGA and Cequent to set a preliminary hearing conference call, and to prepare to discuss in that call the timing for the parties to amend pleadings and assert counterclaims, if any, a proposed discovery schedule, including infringement and invalidity contentions, and potential hearing dates. The preliminary hearing conference call has been scheduled for February 10, 2017.

**B.  In Further Response to This Court's Minute Order, the Parties Respectively State:**

    1.    <u>Plaintiff LGA's Position on the Effect of Order #2 on Extending the Stay of this Case:</u>

LGA submits that the arbitrator's ruling should not impact this proceeding by this Court extending the stay of this case. Although most of the Accused Products here, other than the Wyers' products, are the same as the those in the Cequent Arbitration, the "Customer Suit Exception" – Defendant U-Haul's primary argument for the present stay of this case – does not justify continuing the stay here. A patent holder ("patentee") may sue manufacturers or sellers and users of an infringing device, as joint tortfeasors, and the law permits the maintenance of multiple suits. Importantly here: "A patent owner has a cause of action, separate and independent from that against an infringing manufacturer, to recover profits and damages and to restrain one who resells a product which he purchased from an infringing manufacturer. The right to bring such an action is sanctioned by statute, and ought not to be interfered with, except for compelling reasons." *Am. Chem. Paint Co. v. Thompson Chem. Corp.*, 244 F. 2d 64, 67 (9th Cir. 1957). LGA submits there is no "compelling reason" to further delay LGA's claims in this case.

Although a patentee may recover its damages only once against all defendants, a patentee's claim against infringing customer-resellers is only barred if a patentee is fully compensated; if the patentee is not fully compensated, it is free to pursue other infringers. LGA has never been fully compensated through its suit against Cequent, which has not even proceeded past the pleading stage in arbitration as yet. There has been no showing here that the LGA-Cequent arbitration will make LGA whole, or that Cequent is financially able to pay all of the damages that its infringing conduct has caused. Where there is potential that the manufacturer is incapable of paying any damage award, courts should consider the prejudice to the patentee, and should not stay the action against the customer.

In addition, LGA's claims against U-Haul in this case contain claims that are wholly unrelated to the patent claims LGA asserts against Cequent. At a minimum, the claims not tied to the patent claims should not continue to be stayed. LGA asserts claims, other than the patent claims, against U-Haul based on completely different facts and conduct than the patent claims against Cequent, including Trademark Infringement, Unfair Competition, Copyright Infringement and Palming Off. Under these circumstances, it is not warranted to stay LGA's non-patent claims against U-Haul. LGA submits that only prejudice to LGA will result from extending the stay from the fading of memories and loss or possible destruction of evidence.

There is no showing that U-Haul has an indemnity agreement with Cequent, nor has U-Haul agreed to be bound by any of the decisions reached in *Cequent* arbitration. Such factors weigh against continuing the stay. Extending the current stay would not conserve resources because LGA will still need to take discovery from U-Haul on its infringing sales in the Cequent arbitration. U-Haul's purchase and sales information will be critical for LGA to respond to

Cequent's anticipated "phase-out" defense.

Extending the stay does not make sense here because Cequent is not the sole supplier to U-Haul of the infringing products. LGA's Complaint alleges that defendant Wyers is also manufacturing infringing products, and U-Haul is buying those products with knowledge of LGA's patent rights and nonetheless re-selling them. Because there is a different supplier to U-Haul alleged (other than Cequent), LGA submits the existing stay should not be extended because of the Arbitrator's Order.

Lastly, to the extent the Court believes it necessary to await the outcome of the USPTO re-examination process, LGA submits that the stay should only be extended for 90 days since the process remains on-going and the Court and parties will have a clearer understanding of the arguments and how the USPTO is likely to resolve the re-examination at that time.

2. <u>Defendant U-Haul's Position on the Effect of Order #2 on Extending the Stay of this Case:</u>

U-Haul submits that the Court should continue to stay this case in its entirety, or alternatively, administratively close this action pending resolution of the later of (a) the arbitration regarding the Cequent Products and (b) the reexaminations with regard to the Wyers Products.

      a) *The Arbitration Regarding the Cequent Products Shall Conserve Judicial Resources Without Prejudicing the Parties.*

LGA and Cequent have been fighting over the Cequent Products and related intellectual property since 2010. LGA's claims against U-Haul regarding the Cequent Products are all premised upon U-Haul's alleged sales of products that U-Haul allegedly purchased from Cequent. *See* Complaint, ECF No. 1 at ¶ 3 (alleging that "Gear Gage," "Sportwing Bike Rack,"

and "Silent Hitch Pin" are infringing products manufactured and supplied by Cequent "that were then sold through U-Haul"); *see also* No. 1:14-cv-01600-RM-MEH (D. Colo.), ECF No. 11 (LGA originally named U-Haul as a Cequent co-defendant over these same alleged sales in its first-filed case against Cequent). The Arbitrators' Order #2 Regarding Arbitrability of Claims makes clear that all of the accused Cequent Products that LGA has sued U-Haul over are subject to that arbitration.

LGA's reliance on the customer-exception to the first-filed rule is inapplicable because LGA chose to sue Cequent first and even included U-Haul in that lawsuit. The first-filed rule dictates that the first-filed Cequent case must go first. *See Ultra Products, Inc. v. Best Buy Co.*, No. 09-1095 (MLC), 2009 WL 2843888, at *6 (D.N.J. Sept. 1, 2009) (customer-suit exception not necessary when plaintiff sues manufacturer first). Moreover, district courts routinely stay cases against customers when, as here, the "supplier litigation will resolve the major issues in the customer litigation, such as patent infringement and invalidity." *Blue Spike, LLC v. Zeitera, LLC*, No. 14-CV-01648 YGR, 2014 WL 4310977, at *1 (N.D. Cal. Aug. 28, 2014) (staying customer suit); *see also Leviton Mfg. Co. v. Interline Brands Inc.*, No. 3:05-cv-123-J-33MCR, 2006 WL 2523137, at *4 (M.D. Fla. Aug. 30, 2006) (same). Here, the arbitration against the manufacturer, Cequent, will dispositively decide the majority of the issues – if not *all* issues (including claim construction of the asserted patents) – relating to the Cequent Products. Thus, the Court should stay this case in favor of LGA's earlier-filed suit against the Cequent, the manufacturer.

LGA's position that Cequent may not be able to fully compensate LGA should LGA prevail in the arbitration is pure speculation and conjecture. At this time, all that is known is all

5

of LGA's claims against Cequent are abitrable. LGA's unsubstantiated conjecture does not justify requiring parallel litigation of the same claims, which would require duplicative judicial and arbitrable resources, duplicative expenses and efforts for the parties, and potentially inconsistent judgments. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 819-20 (1976).

LGA further contends, without support, that a stay should be denied for the non-patent claims because those claims are "based on completely different facts and conduct than the patent claims against Cequent." (*See supra*). LGA's statement is simply not true. The non-patent claims against U-Haul in this case challenge the very same Cequent Products that LGA accuses of patent infringement in this lawsuit and in the first-filed Cequent lawsuit, and the asserted patents in this case are the same patents asserted in the first-filed Cequent lawsuit. *Compare* Order #2 at 10, 11 (discussing trademark infringement, unfair competition, copyright infringement, and reverse passing off claims against Cequent) with ECF No. 1 at ¶¶ 20, 21, 67-75, (trademark infringement and unfair competition based on alleged Cequent product sales), ¶¶ 76-84 (copyright infringement based on owner manuals allegedly sold with Cequent products), ¶¶ 85-89 (reverse passing off based on alleged Cequent product sales). These allegations and non-patent claims that LGA has alleged against Cequent regarding the Cequent Products in the arbitration are the same allegations and non-patent claims that LGA makes against U-Haul here regarding the same Cequent products. Thus, the non-patent claims against U-Haul also are directly related to the arbitrable claims against Cequent.

        b)    *The USPTO's Reexaminations of the Asserted Patents Shall Conserve Judicial Resources Without Prejudicing the Parties.*

Although LGA's claims against the Wyers Products are not subject to the LGA/Cequent

arbitration, LGA's claims against U-Haul regarding the Wyers Products should be stayed, or administratively closed, pending the USPTO's final decisions on the ex parte reexaminations that co-defendant Wyers filed. The USPTO's decision regarding the validity of the claims of the asserted 6,609,725 and 6,945,550 patents will simplify the issues in question for the Wyers and Cequent Products, streamline the trial for the Wyers and Cequent Products, and reduce the burden of litigation on the parties and the Court. Further, no party will be prejudiced because the case is still in its infancy.

LGA's claims against U-Haul regarding the Wyers Products are all premised upon U-Haul's alleged sales of products that U-Haul allegedly purchased from Wyers. Accordingly, much like it makes sense to resolve the claims against a supplier (Cequent) first, it makes sense to resolve the patent validity issues that another supplier (Wyers) has raised before litigating claims against a reseller (U-Haul) based on alleged sales of the supplier's accused products. A stay or administrative closure of the case pending the LGA/Cequent arbitration and Wyers' reexamination of the patents conserves judicial resources, prevents duplicative expenses and efforts for the parties, and prevents the possibilities of inconsistent judgments.

3. <u>Defendant Wyers' Position on the Effect of Order #2 on Extending the Stay of this Case:</u>

Wyers submits that the Court should continue to stay this case in its entirety, or alternatively, as discussed above by U-Haul, administratively close this action pending resolution of the later of (a) the arbitration regarding the Cequent Products and (b) the reexaminations with regard to the Wyers Products. The '550 patent and the '725 patent are already under attack on two fronts, through the arbitration proceeding as well as through the two pending reexaminations. The '725 reexam was abandoned by Plaintiff, thus invalidating all claims. Then

on November 16, 2016 Plaintiff got the reexam reinstated for examination. All the '725 claims were initially invalidated by the Substantial New Question. The '550 reexam has resulted in an office action invalidating all claims. Plaintiff can attempt to argue otherwise. *See* Ex. 2, the Office Action. The arbitration will use the same prior art references, and likely invalidate both patents. Accordingly, the Court should stay this case to allow the arbitration and reexaminations to conclude and avoid the expenditure of judicial resources as well as the parties' respective resources to litigate the exact invalidity issues that are already being addressed by the U.S. Patent Office and the arbitrator.

        *a)*     *The Court Should Stay the Case Pending the Arbitration with Cequent.*

The issues of validity facing the LGA patents are identical in both the arbitration and the instant case. Either the patents at issue are not invalid or they are invalid. Any determination of patent invalidity will be the same in both situations. It would significantly conserve judicial resources as well as the resources of both parties to stay this case until at least the arbitrator's ruling is issued. In the event one or more claims of the asserted patents are held valid in the arbitration, then Wyers could compensate Plaintiff with a reasonable royalty payment coupled with interest for the duration of the stay. However, given the current status of all the claims, it is almost impossible to envision a claim surviving without substantial narrowing. This course of events would eliminate any past damages. In any case, Plaintiff is not injured.

        *b)*     *The Court Should Stay the Case Pending the Outcome of the Reexamination of U.S. Patent Nos. 6,609,725 and 6,945,550.*

The USPTO has already issued a first office action rejection all claims of U.S. Patent No. 6,609,725 in reexamination no. 90/014,743. Ex. 2. All claims of the '725 patent were rejected as lacking novelty pursuant to 35 U.S.C. 102 § (e). *Id*. In response to the first office action, the

claims of the '725 patent appear to have been substantially altered by Plaintiff. Ex. 3. Following this response, Plaintiff and the examiner conducted an examiner interview the examiner assigned to the reexamination stated in an interview with Plaintiff's representatives that a further office action will be forthcoming and that a submitted amendment "did not agree with what was disclosed in the specification." Ex. 4. It is further worth noting that the reexamination of the '725 patent would be further along in the process but for Plaintiff's failure to meet a deadline imposed by the USPTO and subsequent requirement for a petition to reinstate the reexamination which was terminated by the examiner. Due to the substantial amendments submitted in the pending claims, pursuant to 35 U.S.C. § 307 if any of these claims emerges without cancellation from the reexamination Plaintiff will likely be prevented from collecting damages from any alleged infringement prior to the resultant reexamination certificate being issued.

In similar fashion to the '725 patent, the USPTO has also rejected all of the claims of the '550 patent under 35 U.S.C. 102(e). Ex. 5. Plaintiff has two months from December 22, 2016 to respond to the office action. In Wyers's opinion, if any of these claims are to overcome the 102(e) rejection they will similarly require substantial amendment.

It is apparent from the above discussion and attached exhibits that the claims of the '725 patent will emerge, if at all, from reexamination in a substantially altered state. It appears further likely based on the lack of novelty rejection that the claims of the '550 patent will also emerge, if at all, in a substantially altered state. If the Court does not stay this case and the claims of the patents at issue are invalidated or emerge substantially altered, any claim construction rulings or arguments issued or undertaken prior to this date will have wasted this Court's resources. Moving forward now would also totally waste both parties' monies. These issues will have to be

re-litigated based on the altered claims or will have been performed without need if the patent claims are all invalidated. Accordingly, this Court should stay the case and allow the reexaminations to conclude, as the reexaminations are already substantially progressing. Plaintiff will not be at any disadvantage because if any claims emerge substantially unaltered from reexamination, and Wyers is deemed to have infringed the substantially unaltered claims, then Plaintiff will be entitled to damages of a reasonable royalty plus interest. If no claims emerge unaltered, Plaintiff will not be entitled to an award of damages and the Court and the parties will have saved significant resources by not unnecessarily litigating claims that do not exist at the time reexamination ends.

Wyers submits that it is likely that the reexaminations and the arbitration are likely to conclude within twelve to eighteen months, which is likely in less time that a full District Court patent litigation trial can be expected to be completed in. Thus Wyers respectfully requests a stay to allow the invalidity issues in the reexaminations and arbitration to conclude.

Respectfully submitted this 31st day of January, 2017.

By: */s/Martin D. Beier*
Thomas M. Haskins III (#17651)
Martin D. Beier (#20188)
Silver & DeBoskey P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000
haskinst@s-d.com
beierm@s-d.com

J. Mark Smith (#973)
BERG HILL GREENLEAF RUSCITTI LLP
1525 17th Street
Denver, CO 80202
(303) 402-1600
JMS@bhgrlaw.com

ATTORNEYS FOR PLAINTIFF

By: */s/Scott Swanson*
Scott Swanson
Shaver and Swanson, LLP
1509 S. Tyrell Ln., Suite 100
PO Box 877
Boise, ID 83702
(208) 345-1122
swanson@shaverswanson.com

Ralph M. Martin
Patent Law Offices of Rick Martin, P.C.
P.O. Box 1839
Longmont, CO 80502

Andrew D. Thompson
Gordon & McWhirter, LLC
5500 East Yale Avenue, Suite 300
Denver, CO 80222
(303) 756-0800
athompson@gorlaw.com

ATTORNEYS FOR DEFENDANT WYERS PRODUCTS GROUP, INC.


By: */s/Erin A. Kelly*
George C. Chen
Erin A. Kelly
Bryan Cave LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
(303) 861-7000
george.chen@bryancave.com
erin.kelly@bryancave.com

ATTORNEYS FOR DEFENDANT U-HAUL INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I certify that on this 31st day of January, 2017 , a true copy of the **JOINT STATUS REPORT PURSUANT TO MINUTE ORDER DATED DECEMBER 16, 2016** was served via PACER to the following:

Andrew D. Thompson
Gordon & McWhirter, LLC
5500 East Yale Avenue, Suite 300
Denver, CO 80222

Ralph M. Martin
Patent Law Offices of Rick Martin, P.C.
P.O. Box 1839
Longmont, CO  80502

George C. Chen
Erin A. Kelly
Bryan Cave LLP
1700 Lincoln Street, Suite 4100
Denver, CO  80203-4541

Scott Swanson
Shaver and Swanson, LLP
1509 S. Tyrell Ln., Suite 100
PO Box 877
Boise, ID 83702

                                              *s/Chris Allen*

G76012.02